United States District Court
Southern District of Texas
**ENTERED**
November 15, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Realogy Holdings Corp., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-19-1061 |
| | § | |
| Seita Jongebloed, | § | |
| | § | |
| Defendant. | § | |

## Preliminary Injunction

An injunction is imposed because Seita Jongebloed is clearly dissembling. Her stories are inconsistent and make clear her willful destruction of evidence.

1.  *Seita Jongebloed.*

    Realogy Holdings Corp., filed this case. Martha Turner Sotheby's International Realty is a real estate broker affiliated with Realogy. Seita Jongebloed worked for Martha Turner for approximately four years as a sales manager and the vice president of sales.

    Jongebloed's responsibilities included: (a) recruiting new sales agents; (b) retaining Martha Turner agents; (c) developing strategies for competing with other brokers; and (d) assisting agents with their sales, pitches, and closings, for Martha Turner's clients. She regularly visited and worked at all six Martha Turner offices in Houston.

    Jongebloed was in the top management of Martha Turner. She had access to confidential and proprietary information of Martha Turner, Realogy, and their affiliates. Her status included: (a) all aspects of Martha Turner's operations; (b) local and national initiatives and proprietary tools to recruit and retain top sales agents; (c) the highest percentage of an agent's commission that Martha Turner

would pay its agents; and (d) Martha Turner's plans to compete with Urban Compass, Inc., and Compass RE Texas, LLC, and their affiliates.

On August 22, 2018, Jongebloed accepted restricted stock options from Realogy and electronically signed a restricted stock agreement. She received consideration under this agreement, including the right to acquire and own stock in the company, access to new confidential information, and specialized training. Under this contract, Jongebloed agreed with Realogy and Martha Turner to several limits contained in restrictive covenants.

Jongebloed told Martha Turner that she was resigning on February 1, 2019. That same day, Jongebloed accepted an offer with Compass to help lead its new Houston brokerage and serve as its sales manager, also referred to as the brokerage manager. She began working at Compass on February 11, 2019. In this position, Jongebloed is responsible for duties parallel to those she was doing for Martha Turner. The Compass office is 2.24 miles away from one of Martha Turner's offices.

Following attempts by Realogy to procure Jongebloed's compliance with the restrictive covenants agreement, Compass placed Jongebloed on paid leave from February 15, 2019, until March 16, 2019.

Realogy filed this lawsuit on March 21, 2019, and moved for an injunction on June 14, 2019.

2.  Contract.

The agreement for restrictive covenants[1] has three main parts. The first section precludes Jongebloed from soliciting or doing business that competes with Realogy or its affiliates. It bars her from interfering with the business relationships of Realogy and its affiliates, and from soliciting or hiring their workers.

---

[1] *See* Restrictive Covenants Agreement, docket entry 1-2, Ex. B.

The next section restricts Jongebloed for one year from working in a similar position for a competitor within fifteen miles of any branch where she had had responsibilities while at Martha Turner.

The third section dictates that Jongebloed may not disclose or use confidential information – as defined by the contract – of Realogy and its affiliates.

3. *Practicing Law.*

Jongebloed claims that she did significant legal work for Martha Turner. She asserts that the contract is unenforceable because it restricts her right to practice as a lawyer.

Jongebloed has a law degree and a Texas law license – no one disputes this. She apparently was general counsel for Greenwood King Properties before working for Martha Turner. Holding a license to practice law and previously having worked as a lawyer do not mean Jongebloed is a practicing lawyer in every role of her business life or that she did legal work for Martha Turner.

Jongebloed was the sales manager at Martha Turner. Martha Turner has a legal department, and Jongebloed did not work in it. Turner's general counsel was in the courtroom during the preliminary injunction hearing, available to testify, and Jongebloed did not call him.

Lisa Baer has nothing to contribute. She did not appear at the hearing. The only thing the court has from Baer is her declaration that she "sought out Ms. Jongebloed's advice on a number of complex matters because she was an attorney" and that "Ms. Jongebloed provided [her] with legal advice on matters where [she] was acting as an agent on behalf of MTSIR."[2] This is not evidence of Jongebloed's having worked as a lawyer for Martha Turner. It is a friend's attempt to help.

On her resume, Jongebloed did not represent to employers that she was a lawyer for Martha Turner. She listed nine duties for which she had been

---

[2] Def.'s Ex. 5.

responsible; none was legal. Jongebloed did not market herself to future employers as having practiced law for Martha Turner. The position she applied for and accepted with Compass is not legal in nature. When she contacted Compass's head of talent through LinkedIn, she asked about "leadership opportunities" and said that she had "held positions in management at two of the leading brokerage firms here in Houston."[3]

Seita Jongebloed is a Texas lawyer who in her life practiced some, but who has been managing recruitment and sales for the last four years. She was not a lawyer for Martha Turner and is not for Compass. The contract is enforceable.

4. *Missing Information.*

Jongebloed – by her own admission – habitually used spiral notebooks to take notes during management meetings and company events. She and company witnesses testified that she used many of the same kind of notebook throughout her employment at Martha Turner. She also swore that she kept every notebook in a specific cabinet in her office when she was done with them. These notebooks contain confidential information and are Realogy's property.

The court ordered Jongebloed to give Realogy these notebooks in June. She responded by giving Realogy one notebook – containing childrens' drawings, arithmetic, and a few pages of notes about her resignation meeting – and is now saying that she may have thrown away the other notebooks at the end of 2018.

The court ordered Jongebloed a second time to either produce her notebooks or file a statement explaining why and how she discarded them. She said that she only took that one notebook from Realogy and that she may have thrown the others away before leaving Martha Turner.

The court also ordered Jongebloed to produce her iPad, hardcopy calendars, and the scan of her cellular telephone. She withheld the data in her telephone, and this time swore that she may have destroyed the hardcopy

---

[3] *See* Pl.'s Ex. 23.

calendars with the notebooks. The pages of calendars she *has* given Realogy have been incomplete and sporadically supplied, just as her other productions have been.

5.   *Contract Signing.*

Realogy has shown that Jongebloed must have clicked on the restrictive covenants agreement before the system would let her click "Accept" for the stock. It also produced an email that was sent to Jongebloed explaining that she would be accepting the covenants by accepting the stock.[4]

When presented with abundant evidence from technicians that Martha Turner's system would not let her sign the contract without accepting the non-compete portion of the agreement, she still would not admit to having signed it.

She clicked that she had read the non-compete agreement and signed it.

6.   *Conclusion.*

Jongebloed has either withheld important evidence or wilfully destroyed it. She continues to insist that she does not remember signing the restrictive covenants agreement. Jongebloed is a Texas lawyer and sophisticated party. Her alleged ignorance of the non-compete clause of the agreement is clearly a fabrication.

Jongebloed has changed her story several times since her resignation. Her first lawyer said that Jongebloed left Martha Turner because of her circumstances there, including that the President would say that she hates skinny blondes and would remind Jongebloed that Catholics helped Nazis flee Germany after World War II.[5] Later, during the injunction hearing, Jongebloed testified that the only reason she left Martha Turner was because she did not want to keep recruiting.

---

[4] *See* Pl.'s Ex. 44.

[5] Pl.'s Ex. 36.

Anyone who changes stories as much as Jongebloed has and who does not respond to court orders is hiding something. At Compass, she may have been hired for her skills and background of knowledge and experience – but not for Martha Turner's proprietary information.

Jongebloed told many versions of her story at different points of the hearing, sometimes offering three or four different versions of an answer to the same question before giving up. She had multiple stories as to what she did with her work notebooks; most were inconsistent with her preceding stories and none made any sense. She has no credibility.

The agreement between Realogy and Jongebloed is enforceable, and its restrictions are reasonable.

7. *Injunction.*

Seita Jongebloed is enjoined for one year from the date this order is entered from:

- (A) Directly or indirectly working for Urban Compass, Inc.; Compass RE Texas, LLC; or any other real estate brokerage, in a similar role to her position at Martha Turner Sotheby's International Realty within fifteen miles of the Martha Turner Sotheby's International Realty offices;
- (B) directly or indirectly recruiting, soliciting, hiring, or contracting with any employee, agent, or independent contractor of Martha Turner Sotheby's International Realty or its affiliates during the 24 months preceding February 1, 2019; and
- (C) using or disclosing confidential information of Realogy Holdings Corp., Martha Turner Sotheby's International Realty, or their affiliates.

By November 18, 2019, Seita Jongebloed must return to Realogy Holdings Corp., all confidential information – whatever the form – in her possession or explain precisely in writing what she has done and when.

Realogy Holdings Corp., must deposit a $1,000.00 bond. The court denies Seita Jongebloed's request to increase this amount based on her monthly compensation.

Signed on November 15, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge